UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KORDA/NEMETH ENGINEERING, INC.,

      Plaintiff,                         Case No. 3:15-cv-210

vs.

TRAVELERS INSURANCE
COMPANY d/b/a TRAVELERS         District Judge Thomas M. Rose
CASUALTY AND SURETY           Magistrate Judge Michael J. Newman
COMPANY OF AMERICA, *et al*.,

      Defendants.

---

**ORDER AND ENTRY: (1) VACATING THE COURT'S PREVIOUS DISCOVERY ORDER (DOC. 18); (2) DIRECTING COUNSEL TO CONFER AMONGST THEMSELVES AND, TO THE EXTENT POSSIBLE, WITH INTERSTED NON-PARTIES TO THIS CASE REGRDING THE PRODUCTION OF CONFIDENTIAL SETTLEMENT AGREEMENTS; AND (3) SETTING A FOLLOW-UP STATUS CONFERENCE FOR MARCH 14, 2016 AT 1:30 P.M.**

---

This case came before the Court for a follow-up discovery status conference via telephone on March 8, 2016. Attorney Amy Schermer appeared on behalf of Plaintiff Korda/Nemeth Engineering, Inc. ("Korda"). Attorney Michael Smith appeared on behalf of Defendant Phoenix Insurance Company ("Phoenix"). Attorney Allen Rutz appeared on behalf of interested non-party NBBJ. Mr. Rutz participated with the consent of the parties and with the express permission of the Court. A copy of this Order will be served on Mr. Rutz via email.

This case involves an insurance coverage dispute between Korda and Phoenix. *See* doc. 4 at PageID 139-42. Korda alleges that it is the named insured on a commercial general liability insurance policy ("CGL") issued by Phoenix. *Id*. at PageID 139. During the time CGL was in effect, Korda was involved in the construction of the Heart Patient Tower at Miami Valley Hospital in Dayton, Ohio. *Id*.

In 2011, an outbreak of legionella occurred at the Heart Patient Tower which subsequently resulted in a number of lawsuits filed against various entities involved in the construction project, including Korda and certain non-parties to this case, including NBBJ and Miami Valley Hospital (these lawsuits are hereinafter referred to as "the underlying lawsuits"). *Id*. Notably, according to Korda, both NBBJ and Miami Valley were named as "additional insureds" on the CGL between Korda and Phoenix. *Id*. Phoenix allegedly refused to defend Korda in the underlying lawsuits -- presumably asserting that the CGL does not cover Korda for the acts alleged in those cases. *Id*. at PageID 140. Korda filed this action seeking, in part, a declaration that Phoenix is obligated under the CGL to provide a defense in the underlying lawsuit. *Id*. at PageID 143.

The Court issued the Preliminary Pretrial Order in this case on September 2, 2015 (doc. 6), and the parties are now engaged in discovery. A dispute has arisen, however, with regard to the production of certain documents relevant to the underlying lawsuits. Specifically, Phoenix seeks to discover settlement agreements by and among Korda, Miami Valley Hospital, NBBJ, Cincinnati Insurance Company ("CIC") and Zurich American Insurance Company ("Zurich"). Doc. 15 at PageID 231-32. Notably, Korda is not a party to all of the settlement agreements Phoenix seeks to discover. However, Korda -- at least through counsel -- possesses copies of all the settlement agreements responsive to Phoenix's discovery request, *i.e.*, it possesses not only settlement agreements to which it was a party, but also copies of settlement agreements among Miami Valley Hospital, NBBJ, CIC and Zurich to which Korda was not a party.[1] Phoenix has requested all of these settlement agreements from Korda pursuant to Fed. R. Civ. P. 34; it has not

---

[1] Counsel for Korda represents that she is in possession of these confidential settlement agreements by virtue of the fact they were appended as exhibits to settlement agreements in which Korda was party.

issued subpoenas to the non-parties.  Because all of those settlement agreements contain confidentiality provisions negotiated between the parties thereto, counsel for Korda will produce those agreements to Phoenix only if ordered to do so by this Court.

The Court is concerned about ordering production of settlement agreements negotiated between non-parties to this case without giving those non-parties a chance to be heard on the issue and/or to be involved in preserving the confidentiality they negotiated for.   On March 3, 2016 -- following a prior discovery status conference on March 2, 2016 -- the Court entered an Order directing Korda to disclose settlement agreements it entered into pursuant to the Protective Order signed by the undersigned.  *See* doc. 16; *see also* doc. 18 at PageID 249.  At that time, the Court was advised by Korda's counsel that Korda's counsel had conferred with counsel for the non-parties who negotiated confidentiality provisions set forth therein, and no parties or their counsel objected to production of the agreements.  *See* doc. 18 at PageID 249.

During the March 8, 2016 discovery status conference, however, Korda's counsel advised that -- contrary to the Court's understanding from her discussion during the March 2 conference -- she never spoke directly with counsel for any non-party and, instead, only notified counsel via email that Phoenix sought an Order compelling production of the settlement agreements. Counsel then additionally confirmed that, at the time of the March 2 discovery status conference, no attorney for any of the non-parties had advised her of any concern.  During the March 8 discovery status conference, however, the undersigned was advised -- for the first time -- that counsel for NBBJ objects to the production of settlement agreements it is a party to and in which it negotiated a confidentiality provision.

The Court is concerned about undermining a confidentiality provision negotiated between non-parties to this case.  The Court also has serious concerns whether or not it has jurisdiction

over these non-parties.  Because the parties to this case, as well as counsel for non-party NBBJ, expressed a desire to confer amongst themselves and with other interested non-parties regarding the disclosure of settlement agreements and amending the Protective Order herein to effectively preserve the confidentiality of all settlement agreements at issue, the Court **VACATES** its previous Order (doc. 18).  The Court **ORDERS** that counsel for Korda and Phoenix confer amongst themselves and, to the extent possible upon diligent efforts, with all interested non-parties to facilitate discovery of the settlement agreements requested without undermining the confidentiality provisions set forth in those agreements.

This case is set for a follow-up discovery status conference via telephone on **March 14, 2016 at 1:30 p.m.**  Counsel shall call: 1-888-278-0296, enter access code 2725365, security code 123456, and wait for the Court to join the conference.  Mr. Rutz and counsel for all non-parties may participate in that call.  To that end, counsel for Korda and Phoenix shall use their best efforts to provide a copy of this Order to counsel for all interested non-parties.  The Clerk is directed to serve a copy of this Order upon Mr. Rutz via email (alrutz@vorys.com).

**IT IS SO ORDERED.**

Date: __March 9, 2016_____            *s/ Michael J. Newman_____*
                                        Michael J. Newman
                                        United States Magistrate Judge

4