UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KORDA/NEMETH ENGINEERING, INC.** | ) ) ) | Case No. 3:15-CV-00210 |
| *Plaintiff*, | ) ) ) | **Judge Thomas M. Rose** |
| vs. | ) ) | **Magistrate Judge Michael J. Newman** |
| **TRAVELERS INSURANCE COMPANY d/b/a TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, et al.,** | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

## AMENDED STIPULATED PROTECTIVE ORDER

Pursuant to the Court's authority under Federal Rule of Civil Procedure Rule 26(c) and upon stipulation of the Parties, the Court finds that there is good reason to expedite the flow of discovery material, facilitate the prompt resolution of disputes concerning confidentiality, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. Accordingly:

**IT IS HEREBY ORDERED** as follows:

1. This Order shall govern all Documents and information that Plaintiff, Korda/Nemeth Engineering, Inc. ("K/N") and Defendant The Phoenix Insurance Company ("Phoenix"), incorrectly sued herein as Travelers Insurance Company d/b/a Travelers Casualty and Surety Company of America and The Phoenix Insurance Company, or non-parties produce in connection with this action, as well as all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, Documents or other materials

produced pursuant or in response to the Federal Rules of Civil Procedure, deposition notices, or subpoenas; answers to interrogatories; deposition transcripts; responses to requests for admission; affidavits; declarations; and other such material and information as may be produced during this action.

2. The following definitions shall apply to this Order:

a. **"Communication"** means any transmission or exchange of information (in the form of facts, ideas, inquiries or otherwise) by Document, by electronic transmission, orally, or by any other medium, including conversations, discussions, interviews, meetings, and conferences whether in person or by some other medium, including, without limitation, telephone, letter, memorandum, telegram, facsimile, electronic mail, computer, or word processing system.

b. **"Confidential Information"** shall mean and include any Document, deposition transcript, discovery response, or other information (or portions thereof) of a proprietary or confidential nature within the meaning of Federal Rule of Civil Procedure 26. It does not include documents or information that are in the public domain, even if designated as confidential under this Order. Documents meeting these criteria shall be identified on their face as "Confidential Information – Subject to Court Order." For multi-page Documents, each and every page of the Document deemed to be Confidential Information shall be so designated by a legend on each such page. A single legend on the first page of a multi-page Document will not be deemed to designate the entire Document as Confidential Information. However, for databases, CD-ROMs, and other electronic materials, a single legend affixed on the CD-ROM or computer disk containing the Confidential Information will be deemed to designate the entire contents thereof as Confidential Information.

c. **"Document"** shall be interpreted in the broadest sense permitted by the Federal Rules of Civil Procedure, and shall include any writing or other record whatsoever of any nature, whether transcribed by hand or by some mechanical, electronic, photographic, or other means, and regardless of the medium in, or upon which, it is retained or stored, including the following: correspondence, letters, financial and accounting records, memoranda, electronic mail, notes, records, summaries of meetings or any other oral communication, opinions, studies, reports, drafts, agreements and releases, telegrams, transcripts, facsimiles, manuals, diaries, tape recordings, computer disks or files, computer printouts, logs, notebooks, drawings, plans, photographs, audio and video tapes, films, data compilations, all forms of electronic data, and Communications. "Document" includes originals and all copies.

d. **"Party"** shall mean K/N and Phoenix (sometimes referred to by the Parties as ("Travelers")) (collectively, the "Parties").

e. **"Producing Party"** shall mean any person or entity, including Parties and any non-party, that produces Documents or information in connection with this action.

3. Any Producing Party may designate as Confidential Information any Document or information contained within such Document that the Producing Party produces that is of a confidential or proprietary nature.

4. Except with the prior written consent of the Producing Party, or as otherwise provided under this Order, no Confidential Information may be disclosed to any person or entity.

5. Notwithstanding Paragraph 4, Confidential Information may be disclosed, solely for the purposes of this litigation, to: (i) the Parties, and officers or employees, including in-house counsel, of the Parties; (ii) outside counsel for the Parties in the action, including the partners, counsel, associates, secretaries, paralegal assistants, and employees of such attorneys;

3

(iii) the Court, jury, and other court officials involved in this litigation, including the clerk's office, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court; (iv) non-parties specifically retained in connection with this action to assist in photo-copying, imaging, database development, graphics or design services, but only after they agree, in writing, to be bound by the terms of this Order; (v) non-party consultants, investigators, experts, and their staffs who are retained or may be retained by a Party or Parties or their counsel in connection with this action, but only after they agree, in writing, to be bound by the terms of this Order; (vi) witnesses and potential witnesses; (vii) any other person whom counsel for the Parties agree, in writing, should have access to such Confidential Information; and (viii) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

6. Notwithstanding Paragraph 4, Confidential Information may be disclosed to reinsurers, accountants, and auditors of any Party or a third party to whom a Party is legally obligated or to whom it has a pre-existing contractual obligation, in the ordinary course of business, to disclose Confidential Information.

7. Nothing in this Order shall impose any restrictions on the use or disclosure by, or to, any Party or person of Documents or information obtained by a Party or person independently of proceedings in this litigation, regardless of whether such documents or information are also obtained through discovery proceedings in this litigation.  Nor shall it restrict the use of Documents or information that are in the public domain.

8. Nothing in this Order shall limit or restrict the manner in which a Producing Party shall handle its own Confidential Information.

9. Notwithstanding Paragraph 4 or the other provisions in this Order, any person may be shown any Document or information containing Confidential Information if it appears on the face of the Document or information, or from other Documents or information, that the individual authored or received a copy of the Document or information.

10. Nothing herein shall prevent disclosure of any Confidential Information beyond the terms of this Order if all Parties and, if applicable, all third-party signatories to any confidential settlement agreements or releases produced herein, consent in writing to such disclosure.

11. Nothing herein shall prohibit a Producing Party from disclosing Confidential Information where such disclosure is required by law or by court order.  Any Producing Party that receives a demand or request for disclosure of Confidential Information shall, within ten (10) days of receipt of the demand or request, give written notice to all other Parties and Producing Parties of the demand or request, unless the giving of such notice would violate a law or court order.

12. In the case of deposition testimony, designation of Confidential Information shall be made by notifying all counsel on the record at the deposition or in writing of those portions which are to be stamped and otherwise treated as Confidential Information at any time up to 30 days after the transcript is received by counsel for the Party asserting the confidential treatment. Prior to the expiration of such 30 day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), all deposition testimony shall be treated as if it contains Confidential Information.

13. Any Party seeking to file with the Court any Document (including any pleading, deposition transcript, exhibit, discovery response, or memorandum) that contains, in whole or in

part, Confidential Information or purports to reproduce or paraphrase Confidential Information, shall seek leave to file such Document under seal.

Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 5.2.1. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

14. If any Party objects to a Confidential Information designation by any Producing Party, the Parties and Producing Party involved shall attempt to resolve the dispute by agreement. If the Parties and Producing Party are unable to resolve the dispute amicably, the objecting Party or Producing Party may raise the matter with the Court for resolution. The Producing Party shall bear the burden of establishing that the challenged item, in fact, constitutes Confidential information under Paragraph 2(b) above. Until the dispute is resolved, all Parties shall treat the designated Document or information that is at issue in the dispute as Confidential Information. A Party's failure promptly to challenge or object to the designation of a Document or information as Confidential Information shall not be deemed a waiver of its right to challenge or object to such designation at any other time.

15. If a Producing Party mistakenly fails to designate any Document or other information in this action as Confidential Information, the Producing Party shall inform all Parties receiving the Document or other information promptly after discovering the mistake. The Producing Party shall promptly provide substitute copies of the Document or information, designated as Confidential Information, and the Parties receiving the non-designated Document

6

or other information shall destroy or return the non-designated Document or other information (and all copies thereof) to the Producing Party.

16. Subject to the Federal Rules of Evidence, in the event that Confidential Information is used in any trial, hearing, or other court proceeding in this action, the Confidential Information shall not lose its status as Confidential Information through such use.  Counsel shall confer with the Court on such procedures as may be necessary to protect the confidentiality of any Confidential Information used in any such proceeding.

17. If a Producing Party inadvertently discloses any Document or other information that the Producing Party believes contains Confidential Information (and that Document or other information has not been so designated in accordance with this Order) or is subject to attorney-client privilege, work product, or any other protection or privilege, the Producing Party reserves all rights to assert such designation, privilege, or protection in this or in any other proceeding notwithstanding the fact that the material has been disclosed.  The inspection, copying, and/or review by a Party in the course of this proceeding of such Document or other information shall not, by itself, be deemed a waiver of the asserted designation, privilege, or protection, whether in this or any other proceeding, for the produced Document or information, or any other Document or information covering the same or similar subject matter.

18. If a claim of inadvertent production of a Document subject to the attorney-client privilege, work product, or any other protection, privilege, or immunity from discovery is made pursuant paragraph 17 with respect to information then in the custody of another Party, such party shall promptly destroy or return to the claiming Party that material as to which the claim of inadvertent production has been made, and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel.  The Party destroying or returning

such material may then move the Court for an order compelling production of the material, but said motion shall not assert the fact or circumstance of the inadvertent production as grounds for requiring the production of such material.

19. Except as otherwise provided herein, persons obtaining access to Confidential Information under this Order shall use the information only for preparation and trial of this litigation (including any appeals and re-trials), and shall not use such information for any other purpose, including, without limitation, business, governmental, commercial, administrative, or judicial purposes or proceedings.

20. Nothing in this Order shall prevent any Party or other person from seeking, upon notice and a showing of good cause, modification, extension, or limitation of this Order, or from objecting to discovery that it believes to be otherwise improper.  This Order may be changed by further order of the Court, and is without prejudice to the right of any Party to move for relief from any of the provisions of this Order or to seek to agree to different or additional treatment of any particular Document or information.

21. The provisions of this Order shall remain in full force and effect following the conclusion of this litigation.  Within 90 days after the final conclusion of this litigation by judgment, settlement, or otherwise from which no appeal can be brought, all Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Producing Party or, at the option of the Producing Party, destroyed.  Notwithstanding anything in this Paragraph to the contrary, outside counsel for the Parties shall have the right to retain one copy of documents constituting work product, all pleadings, deposition transcripts, hearing or trial transcripts, and deposition or trial exhibits.

22. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought.

23. Nothing contained in this Order is intended to modify, alter, amend, or supersede any other agreements between the Parties.

24. The Parties agree that, from the time when they execute this Order until the Court enters the Order, the Parties will be bound by this Order as though the Court had entered it.

**IT IS SO ORDERED.**

    *s/ Michael J. Newman*
    Hon. Michael J. Newman
    United States District Magistrate Judge

**Approved for entry:**

Dated:  March 14, 2016

| | |
|---|---|
| /s/Amy K. Schermer | /s/ Michael E. Smith |
| Amy K. Schermer (0068012) | Michael E. Smith (0042372) |
| aschermer@aschermerlawoffice.com | msmith@frantzward.com |
| Schermer Law, LLC | Frantz Ward, LLP |
| 8372 Firstgate Dr. | 200 Public Square, Suite 3000 |
| Reynoldsburg, Ohio 43068 | Cleveland, Ohio 441144 |
| (614)914-2121 | (216) 515-1660 |
| Fax: (614)591-4200 | Fax: (216) 515-1650 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

9